UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ABIGAIL KATSCHKE, Conservator for
Estate of Robert Gillhouse, Jr.

                    Plaintiffs,      Case No.

v

                                    HON._____

JACKSON INTERMEDIATE SCHOOL DISTRICT,
ELEANOR RAMOS, &
RENEE ADEE,

                    Defendants.

JAMES T. HEOS (P26210)
MATTHEW J. HEOS (P73786)
THE NICHOLS LAW FIRM, PLLC
Attorneys for Plaintiffs
3452 E. Lake Lansing Road
East Lansing, MI 48823
517-432-9000
jheos@nicholslaw.net
mheos@nicholslaw.net

**COMPLAINT AND JURY DEMAND**

Plaintiff Abigail Natschke, Conservator for Estate of Robert Gilhouse, Jr., minor, state:

1. Plaintiff Robert Gilhouse, Jr., minor, date of birth January 6, 2010, ("Robert") is a resident and citizen of the City of Jackson, State of Michigan.

2. Robert resides with his conservative, Plaintiff Abigail Katschke ("Abigail"), who has brought this action on Robert's behalf.

3. Abigail is a resident and citizen of the City of Jackson, State of Michigan.

4. Defendant Jackson Intermediate School District ("JISD") is a public school district organized and existing pursuant to Michigan law.

1

5. Defendant Eleanor Ramos ("Ramos") was at all relevant times employed by JISD as a bus aide.
6. Ramos was at all relevant times herein a citizen of the State of Michigan
7. Defendant Renee Adee ("Adee") was at all relevant times employed by JISD as a bus driver.
8. Adee was at all relevant times herein a citizen of the State of Michigan.
9. JISD hired, trained and supervised Ramos as a bus aide and Adee as a bus driver.
10. JISD was at all relevant times herein a citizen of the State of Michigan.
11. All transactions and occurrences giving rise to this action occurred in the County of Jackson, State of Michigan.
12. JISD is liable for the negligence of its agents and employees by and through the doctrine of respondeat superior.
13. Defendants transact business in the State of Michigan and this District.
14. Jurisdiction is proper pursuant to 28 U.S. Code § 1331.
15. Robert's claims are premised on the physical injuries sustained by him as a direct and proximate cause of Defendants' actions and inactions.
16. Robert bypassed the IDEA administrative process because the administrative process would be futile.
17. Robert received bussing services from JISD.
18. Defendants had a responsibility to protect Robert at all relevant times herein.
19. Defendants were at all relevant times herein in loco parentis relative to Robert while he rode JISD's bus.

20. Robert was and is disabled at all relevant times herein within the meaning of the Rehabilitation Act and the Americans with Disabilities Act, which prohibit exclusion from participation from school programs, denial of benefits, or being subject to discrimination on the basis of disability.

21. Robert's impairment limits one or more of his major life activities, has a record of such impairment, and is regarded as having such impairment under the law.

22. On or about December 9, 2016, Ramos was assigned as bus aide on the JISD bus Adee was driving.

23. On or about December 20, 2016, Ramos was assigned as bus aide on the JISD bus Adee was driving.

**COUNT 1 – VIOLATION THE REHABILITATION ACT OF 1973 / THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. 12101, ET SEQ BY ADEE**

24. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

25. On or about December 9, 2016, Ramos assaulted and battered Robert while he was riding JISD's school bus.

26. On or about December 9, 2016, Adee was acting under the color of state law.

27. On or about December 9, 2016, Adee failed to protect Robert when Ramos assaulted and battered him while he rode JISD's school bus.

28. On or about December 20, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

29. On or about December 20, 2016, Adee was acting under the color of state

to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

### COUNT 2 – VIOLATION OF THE REHABILITATION ACT OF 1973 / THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. 12101, ET SEQ BY RAMOS

34. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

35. On or about December 9, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

36. On or about December 9, 2016, Ramos was acting under the color of state law.

37. On or about December 9, 2016, Ramos failed to protect Robert while he rode JISD's school bus.

38. On or about December 20, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

39. On or about December 20, 2016, Ramos was acting under the color of state law.

40. On or about December 20, 2016, Ramos failed to protect Robert while he was riding JISD's school bus.

41. Robert was injured as a direct and proximate cause of Ramos's gross negligence and deliberate indifference in Ramos's failure to protect him.

42. Robert's injuries include but are not limited to:

   a. Extreme emotional distress;

   b. Psychological trauma;

5

    c. Depression;

    d. Debilitating fear;

    e. Despair;

    f. Anger;

    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

43. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

### COUNT 3 – VIOLATION OF THE REHABILITATION ACT OF 1973 / THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. 12101, ET SEQ BY JISD

44. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

45. On or about December 9, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

6

46. On or about December 9, 2016, Adee and Ramos were acting under the color of state law.

47. On or about December 9, 2016, JISD failed to protect Robert when Ramos assaulted and battered him while he rode JISD's school bus.

48. On or about December 20, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

49. On or about December 20, 2016, Adee and Ramos were acting under the color of state law.

50. On or about December 20, 2016, JISD failed to protect Robert when Ramos assaulted and battered him while he rode JISD's school bus.

51. Robert was injured as a direct and proximate cause of Defendants' gross negligence and deliberate indifference in their failure to protect him.

52. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;
    h. Anxiety;
    i. Contusions;
    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

53. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 4 – VIOLATION OF 42 U.S.C. § 1983 BY RAMOS

54. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

55. The 8th amendment of the U.S. constitution, as applied to the states by the 14th amendment provides Robert with the right to be free from cruel and unusual punishment.

56. Ramos deprived Robert of his right to be free from cruel and unusual punishment on or about December 9, 2016 and December 20, 2016 when she assaulted and battered him.

57. Robert was injured as a direct and proximate cause of Ramos's deliberate indifference for his rights.

58. Robert's injuries include but are not limited to:

    a. Extreme emotional distress;

    b. Psychological trauma;

8

    c. Depression;

    d. Debilitating fear;

    e. Despair;

    f. Anger;

    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

59. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 5 – VIOLATION OF 42 U.S.C. § 1983 BY ADEE

60. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

61. The 8th amendment of the U.S. constitution, as applied to the states by the 14th amendment provides Robert with the right to be free from cruel and unusual punishment.

62. Adee deprived Robert of his right to be free from cruel and unusual punishment on or about December 9, 2016 and December 20, 2016 by failing to protect him from Ramos.
63. Robert was injured as a direct and proximate cause of Adee's deliberate indifference for his rights.
64. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;
    h. Anxiety;
    i. Contusions;
    j. Bruising;
    k. Past, present and future pain; and
    l. Aggravation of preexisting conditions.
65. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled

to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 6 – VIOLATION OF 42 U.S.C. § 1983 BY JISD

66. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

67. The 8th amendment of the U.S. constitution, as applied to the states by the 14th amendment provides Robert with the right to be free from cruel and unusual punishment.

68. JISD deprived Robert of his right to be free from cruel and unusual punishment on or about December 9, 2016 and December 20, 2016 by failing to protect him from Ramos.

69. Robert was injured as a direct and proximate cause of JISD's deliberate indifference for his rights.

70. Robert's injuries include but are not limited to:

    a. Extreme emotional distress;

    b. Psychological trauma;

    c. Depression;

    d. Debilitating fear;

    e. Despair;

    f. Anger;

    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

71. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 7 – GROSS NEGLIGENCE BY ADEE

72. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

73. On or about December 9, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

74. On or about December 9, 2016, Adee acted recklessly and with a willful and wanton disregard when he failed to protect Robert as Ramos assaulted and battered him while he rode JISD's school bus.

75. On or about December 20, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

76. On or about December 20, 2016, Adee acted recklessly and with a willful and wanton disregard for Robert when he failed to protect Robert when Ramos assaulted and battered him while he rode JISD's school bus.

77. Robert was injured as a direct and proximate cause of Adee's gross negligence and failure to protect him.

78. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;
    h. Anxiety;
    i. Contusions;
    j. Bruising;
    k. Past, present and future pain; and
    l. Aggravation of preexisting conditions.

79. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 8 – GROSS NEGLIGENCE BY RAMOS

80. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

81. On or about December 9, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

82. On or about December 9, 2016, Ramos acted recklessly and with a willful and wanton disregard for Robert when she assaulted and battered him while he rode JISD's school bus.

83. On or about December 20, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

84. On or about December 20, 2016, Ramos acted recklessly and with a willful and wanton disregard for Robert when she assaulted and battered him while he rode JISD's school bus.

85. Robert was injured as a direct and proximate cause of Defendants gross negligence and failure to protect him.

86. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;

      h. Anxiety;

      i. Contusions;

      j. Bruising;

      k. Past, present and future pain; and

      l. Aggravation of preexisting conditions.

87. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 9 – FALSE IMPRISONMENT BY RAMOS

88. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

89. On or about December 9, 2016, Ramos assaulted and battered Robert while he rode JISD's school bus.

90. On or about December 9, 2016, Ramos assaulted and battered Robert, and in so doing, Ramos confined Robert in the JISD's buss without leaving Robert any reasonable ability to exit the bus.

91. On or about December 9, 2016, Robert's imprisonment on the bus was false and without justification.

92. On or about December 20, 2016, Ramos assaulted and battered Robert while

he rode JISD's school bus.

93. On or about December 20, 2016, Ramos's assault and battery directly or indirectly caused Robert's confinement on the bus.

94. On or about December 20, 2016, Robert's imprisonment on the bus was false and without justification.

95. Robert was injured as a direct and proximate cause of being falsely imprisoned by Ramos.

96. Robert's injuries include but are not limited to:

    a. Extreme emotional distress;

    b. Psychological trauma;

    c. Depression;

    d. Debilitating fear;

    e. Despair;

    f. Anger;

    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

97. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 10 – BREACH OF FIDICIARY DUTY BY RAMOS

98. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.
99. Ramos was placed in a position of trust because of Robert's status as a student and disability, and as a fiduciary to carry out certain obligations to Robert.
100. Ramos owed Robert duties of good faith, loyalty and care.
101. Ramos breached the fiduciary duty when she assaulted and battered him on or about December 9, 2016 and December 20, 2016.
102. Robert was injured as a direct and proximate cause of Ramos's breach of fiduciary duty.
103. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

104. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

## COUNT 11 – BREACH OF FIDICIARY DUTY BY ADEE

105. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

106. Adee was placed in a position of trust because of Robert's status as a student and disability, and as a fiduciary to carry out certain obligations to Robert.

107. Adee owed Robert duties of good faith, loyalty and care.

108. Adee breached the fiduciary duty she owed to Robert when she failed to protect Robert while Ramos assaulted and battered him on or about December 9, 2016 and December 20, 2016.

109. Robert was injured as a direct and proximate cause of Adee's breach of fiduciary duty.

110. Robert's injuries include but are not limited to:

    a. Extreme emotional distress;

    b. Psychological trauma;

    c. Depression;

    d. Debilitating fear;

    e. Despair;

    f. Anger;

    g. Humiliation;

    h. Anxiety;

    i. Contusions;

    j. Bruising;

    k. Past, present and future pain; and

    l. Aggravation of preexisting conditions.

111. Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

**COUNT 12 – BREACH OF FIDICIARY DUTY BY JISD**

112. Plaintiffs incorporate the preceding paragraphs by reference as though stated herein.

113. JISD was placed in a position of trust because of Robert's status as a student and disability, and as a fiduciary to carry out certain obligations to Robert.

114. JISD owed Robert duties of good faith, loyalty and care.

115. JISD breached the fiduciary duty when it failed to protect Robert while Ramos assaulted and battered him on or about December 9, 2016 and December 20, 2016.

116. Robert was injured as a direct and proximate cause of Adee's breach of fiduciary duty.

117. Robert's injuries include but are not limited to:
    a. Extreme emotional distress;
    b. Psychological trauma;
    c. Depression;
    d. Debilitating fear;
    e. Despair;
    f. Anger;
    g. Humiliation;
    h. Anxiety;
    i. Contusions;
    j. Bruising;
    k. Past, present and future pain; and

    l.   Aggravation of preexisting conditions.

118.   Robert's injuries have interfered with his ability to lead his normal life and social pleasures in the past, and fears said pain and suffering will continue into the future and permanently.

WHEREFORE Plaintiffs makes claim for all non-economic losses and any economic losses. Further, Plaintiff makes claim for any amount that he may be entitled to, plus costs and interest and for whatever amount this Honorable Court may deem just and proper and the nature of this case may allow.

Respectfully Submitted,

Dated: March __, 2018    By:_____
JAMES T. HEOS (P26210)
MATTHEW J. HEOS (P73786)
THE NICHOLS LAW FIRM, PLLC
Attorneys for Plaintiffs
3452 E. Lake Lansing Road
East Lansing, MI 48823
517-432-9000
jheos@nicholslaw.net
mheos@nicholslaw.net

## JURY DEMAND

Plaintiffs demand a trial by jury regarding all of the issues pled in this action.

Dated: March __, 2018    By:_____
JAMES T. HEOS (P26210)
MATTHEW J. HEOS (P73786)
THE NICHOLS LAW FIRM, PLLC
Attorneys for Plaintiffs
3452 E. Lake Lansing Road
East Lansing, MI 48823
517-432-9000
jheos@nicholslaw.net
mheos@nicholslaw.net